IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

STEVE MCNEIL, # B-15290,           )
                                   )
                      Plaintiff,   )
                                   )
                                   )
vs.                                )      Case No. 12-cv-1100-JPG
                                   )
WARDEN ATCHISON,                   )
DR. NWAOBSI, DR. FUENTES, and      )
JANETTE KINKADE,                   )
                                   )
                      Defendants.  )

## MEMORANDUM AND ORDER

GILBERT, District Judge:

Plaintiff, currently incarcerated at Menard Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff states that Defendants Atchison, Nwaobsi, Fuentes and Kinkade have shown deliberate indifference to Plaintiff's serious medical needs. Specifically Plaintiff claims that Dr. Fuentes and Dr. Nwaobosi have failed to address his serious medical condition, i.e. hemorrhoids. Plaintiff states that Defendant Fuentes, a Menard physician, diagnosed his condition sometime in 2011; however, his prescribed treatment failed to remedy the problem. Plaintiff states that his subsequent requests for treatment resulted in a consultation with Defendant Nwaobosi. Further requests for treatment, including a conversation with Defendant Atchinson about his hemorrhoids, have not been addressed.

As his second claim, Defendant states that a broken dental filling has caused him pain and medical harm since December 14, 2011, when he first requested dental treatment at Menard. He is on a waiting list for dental surgery and has been told that removal of the tooth would shorten his wait for treatment. Defendant Kinkade, a nursing supervisor at Menard, has ignored his condition, and required him to resubmit his sick-call slips, despite his diagnosis and on-going suffering.

This case is now before the Court for a preliminary review of Plaintiff's operative

complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>> (2) seeks monetary relief from a defendant who is immune from such relief.

Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable federal cause of action against Defendants Nwaobsi and Fuentes, for deliberate indifference to a serious medical need (Count 1) and against Defendant Kinkade for deliberate indifference to medical needs (Count 2).

However, the claim against Defendant Atchison, Warden of Menard, is dismissed on initial review because the doctrine of *respondeat superior* is not applicable to § 1983 actions. *Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001) (citations omitted).  Plaintiff has not alleged that this defendant is "personally responsible for the deprivation of a constitutional right." *Id.* Accordingly, Defendant Atchison is **DISMISSED** as a defendant without prejudice, as plaintiff has failed to state a claim upon which relief can be granted.

## Pending Motions

Plaintiff's motion for appointment of counsel (Doc. 5) shall be referred to United States Magistrate Judge Philip M. Frazier for further consideration.

## Disposition

Defendant Atchison is DISMISSED as a defendant without prejudice.

The Clerk of Court shall prepare for Defendants Nwaobsi, Fuentes, and Kinkade:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver

of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Frazier for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to United States Magistrate Judge Frazier for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the*

*parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**
**DATED:  December 12, 2012**

s/J. Phil Gilbert
**United States District Judge**