## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STEVE MCNEIL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:12-cv-01100-SMY-PMF |
| | ) |
| MICHAEL ATCHISON, et al., | ) |
| | ) |
| Defendants. | ) |

### MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Before the Court are two motions for summary judgment. The first motion was filed by defendant Dr. Samuel Nwaobasi (Doc. No. 60); the second by defendant Janette Kinkade (Doc. No. 63). Plaintiff Steve McNeil is proceeding against these defendants on Counts 1 and 2. Both counts challenge the conditions McNeil experienced while he was confined at Menard Correctional Center. He alleges that Dr. Nwaobasi violated the Eighth Amendment's proscription against cruel and unusual punishment when he responded with deliberate indifference to a serious medical need for additional treatment of hemorrhoids and that Kinkade violated the Eighth Amendment by responding with deliberate indifference to a serious need for prompt dental care. The motions are opposed (Doc. Nos. 67-70). A reply is on file (Doc. No. 77).

Summary judgment will be entered if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The facts and all reasonable inferences are drawn in favor of the nonmoving party. *Ault v. Speicher*, 634 F.3d 942, 945 (7th Cir. 2011).

Construing the facts in McNeil's favor, he suffered from excruciatingly painful hemorrhoids and uncontrollable bleeding with bowel movements. His condition was evaluated by Drs. Fuentes and Nwaobasi. In November, 2011, plaintiff informed Dr. Fuentes that he

suffered from internal and external hemorrhoids, with symptoms of pain and bleeding.  Dr. Fuentes conducted a rectal exam, diagnosed internal hemorrhoids that had not prolapsed, and prescribed as treatment Anusol rectal hydrocortisone cream, stool softeners, Metamucil, and suppositories.  She also encouraged McNeil to drink plenty of water and exercise (Doc. No. 61-1, p. 1-2; Doc. No. 61-2, p. 4).[1]  Dr. Nwaobasi saw McNeil on November 30, 2011, formed the impression that hard stools could be causing his hemorrhoids, and elected conservative treatment.  He renewed prescriptions for Anusol and Metamucil and advised McNeil to drink plenty of water.  Dr. Nwaobasi performed a follow-up evaluation of McNeil's hemorrhoids on March 3, 2012.  Dr. Nwaobasi listened to McNeil's subjective complaints of bleeding, deciding that this was not an uncommon symptom for internal hemorrhoids.  Dr. Nwaobasi continued prescriptions for Anusol and Metamucil and advised McNeil to drink plenty of water.  He also prescribed a stool softener (Colace) and sitz baths with a betadine solution three times a week for a month.  Dr. Nwaobasi thought the sitz baths would clean and soothe McNeil's internal hemorrhoids (Doc. No. 61-1, pp. 2).  Dr. Nwaobasi told McNeil that if the sitz baths did not work, there was nothing else he could do (Doc. No. 61-2, p. 6).  McNeil discontinued the sitz baths after one or two visits, believing that the treatment was making matters worse (Doc. No. 61-2, p. 6).  Dr. Nwaobasi did not schedule a follow-up appointment and did not give McNeil an opportunity to discuss his opinion about sitz baths when he evaluated McNeil for a separate medical concern.  McNeil was transferred to Hill Correctional Center in November, 2012.  His problems with hemorrhoids continue; he receives the same type of medical treatment from medical professionals at Hill Correctional Center (Doc. No. 61-2, p. 6).  Dr. Nwaobasi holds the opinion that the treatment provided for McNeil's particular condition was medically appropriate (Doc. No. 61-1, p. 3).

---

[1] McNeil believes that Dr. Fuentes misdiagnosed his ailment.  He further believes that surgery is the only appropriate medical treatment option.  Because McNeil did not cite to evidence in the record to support these factual assertions as required by Rule 56(c)(1) of the Federal Rules of Civil Procedure, his positions rest on speculation.

Defendant Kinkade held a supervisor role at Menard Correctional Center between August, 2011, and April, 2012. Part of her duties included providing a response to inmate grievances regarding health care concerns (Doc. No. 64-2, p. 1). In March, 2012, she reviewed McNeil's medical chart and consulted with the dental staff, then formulated a response to a grievance filed by McNeil regarding a filling for his tooth. She did not provide dental treatment to inmates and did not have authority to give orders to members of the dental staff (Doc. No. 64-2, p. 2). McNeil believes that Kinkade handled his grievances in a manner that deviates from established procedure and reflects bias (Doc. No. 70).

The Eighth Amendment's subjective component requires a prisoner to demonstrate that the defendant acted with a sufficiently culpable state of mind. Deliberate indifference to the serious medical needs of prisoners may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A defendant acts with deliberate indifference when he or she consciously disregards a known and substantial risk of harm from an objectively serious medical condition. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference is conduct that is intentional or reckless and not simply negligent. *Berry v. Peterman*, 604 F.3d 435, 440 (7th Cir. 2010). Deliberate indifference may be inferred when a physician makes a treatment decision that falls far afield of accepted professional medical judgment. *Sain v. Wood*, 512 F.3d 886, 894-95 (7th Cir. 2009).

In order to be held individually liable, a defendant must be personally responsible for the deprivation of a constitutional right. *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011)(mishandling grievances states no claim). The doctrine of respondeat superior does not apply to suits brought under § 1983. Supervisors such as Kinkade can only be held liable for their own personal actions, not the actions of others. *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009).

As to the claim against Dr. Nwaobasi (Count 1), the evidence does not suggest that his decisions to devise a treatment plan for McNeil's hemorrhoids deviates far from the professional norm. Nwaobasi's treatment plan reasonably targeted McNeil's ailment and symptoms. Similar medical treatment decisions were made before and after Dr. Nwaobasi made decisions about McNeil's care. Also, Nwaobasi prescribed sitz baths, believing that they would be cleansing and soothing. This effort was intended to provide symptom relief and detracts from any inference of culpable conduct. While Nwaobasi's comments led McNeil to believe that no additional treatment would be available, this remark could not reasonable support a finding that Dr. Nwaobasi disregarded a known risk of serious harm. If Nwaobasi erroneously restricted his treatment plan to conservative levels of care, this might reflect a negligent failure to appreciate the severity of the condition, which is not sufficiently culpable to violate the Eighth Amendment.

As to the claim against Kinkade (Count 2), evidence describing her efforts to provide McNeil with a response to some of his written grievances provides no factual basis for relief. At worst, Kinkade failed to venture outside of her job responsibilities and supply a gratuitous rescue service. Public employees have no such responsibility. *Burks*, 555 F.3d at 596. McNeil has not shown that Kinkade caused or was personally involved in a deprivation of necessary dental care.

These motions (Doc. Nos. 60, 63) are GRANTED. The Clerk is directed to enter judgment in favor of defendant Dr. Nwaobasi and against plaintiff on Count 1, and in favor of defendant Janette Kinkade and against plaintiff on Count 2. This case is closed, as no claims remain for decision.

**DATED:** March 4, 2015

 s/ Staci M. Yandle
STACI M. YANDLE
DISTRICT JUDGE

4